## Case No. 12,294.

### SANDERS v. HAMILTON.

[Brunner, Col. Cas. 20;[1] 2 Hayw. N. C. 226, 282.]

Circuit Court, D. North Carolina. Dec., 1802.

INDEMNITY — MEASURE OF DAMAGES — EVIDENCE —EFFECT OF JUDGMENT.

1. A. sold to B. a negro, and agreed that if B. would defend a suit brought against him for the negro, he. A.. would make good the damages sustained. Upon the negro's being recovered from B. it was held that he was entitled to recover from A. in damages the value of the negro at the time of the recovery, and not the present value.

2. In this case it was held further that the record of the recovery against B. by a third person was not evidence against A. of such third person's title; but was evidence to show the fact of B.'s eviction, and the amount of the damages.

At law.

MARSHALL, Circuit Justice. It is said Hamilton warranted the wench from whom descended the slaves afterwards recovered by Streeter from Sanders. The record of that

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

recovery is now offered to be read to prove Streeter's title. I am of opinion that as Hamilton was no party to that suit, nor privy, it cannot be read to prove Streeter's title; it may, however, to show that Sanders was evicted.

And it was accordingly read for that purpose only.

The declaration stated that Hamilton's agent had sold a negro for Hamilton to Sanders, who was sued for the increase; in consideration whereof, and that Sanders had promised he would defend the suit. Hamilton promised that if judgment should be obtained against Sanders, he, Hamilton, would make good the damages; that Sanders did defend the suit, and had judgment against him. One question upon the trial was, how the damages should be assessed; whether according to the present value of the negroes, or of the value when recovered.

MARSHALL, Circuit Justice. The jury should assess damages according to the value at the time of recovery; for supposing he was to have the present value, he should bear the loss in case of the death of the negroes, or other loss since the judgment; and besides, the plaintiff's demand arises immediately upon the recovery, and is not to be influenced by after circumstances.

In the progress of this cause it was moved that the record of the recovery between Streeter and Sanders should be read.

PER CURIAM. It may be read to prove that there was a recovery and the amount of damages, but not to prove that Streeter had title, because Hamilton was not a party or privy.

A juror was withdrawn, and the plaintiff's counsel moved for leave to add a count, which the court said was necessary, to arrive at the merits, but would not admit the amendment except upon the condition of paying all the costs to this time. He accepted of these terms, and made the amendment.